UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MILDRED A. NORTH, derivatively on behalf of CHEMED CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>KEVIN J. MCNAMARA, DAVID WILLIAMS, TIMOTHY O'TOOLE, JOEL F. GEMUNDER, PATRICK B. GRACE, WALTER L. KREBS, ANDREA R. LINDELL, THOMAS P. RICE, DONALD E. SAUNDERS, GEORGE J. WALSH III, FRANK E. WOOD, and THOMAS C. HUTTON,<br><br>        Defendants,<br><br>   -and-<br><br>CHEMED CORPORATION, a Delaware corporation,<br><br>        Nominal Defendant. | Civil Action No. 1:13-cv-833<br>Judge Michael R. Barrett<br><br>(ECF Filed)<br><br>**DEFENDANTS' MOTION FOR A PARTIAL STAY OF THESE PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S MDL MOTION & RELATED VENUE ISSUES** |

       The above-named individual defendants and nominal defendant Chemed Corporation (collectively "Defendants") move this Court for a partial stay of this action, pursuant to the Court's inherent power to control its docket, pending resolution of the threshold issue of whether this case should proceed in this Court. Defendants seek an order staying this case, and adjourning their deadline to move, answer or otherwise plead in response to the present complaint, until following resolution of (a) Plaintiff's pending Motion for Transfer of Actions for

Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ("MDL Motion"); and (b) in the event that Plaintiff's MDL Motion is denied, Defendants' motion for transfer of venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), such transfer being necessary to comply with Chemed's bylaws. Defendants are filing that motion contemporaneously with this motion. A Memorandum in Support of this Motion is attached hereto, as well as a proposed order attached as Exhibit A.

Respectfully submitted,

Dated: January 29, 2014                          **DINSMORE & SHOHL LLP**

/s/ Brian Sullivan
Brian S. Sullivan (OH Bar No. 0040219)
brian.sullivan@dinsmore.com
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

*Counsel for Defendants and Nominal Defendant Chemed Corporation*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
mpaskin@cravath.com
Timothy G. Cameron
tcameron@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Defendants and Nominal Defendant Chemed Corporation*

**MEMORANDUM IN SUPPORT**

Defendants Kevin J. McNamara, David P. Williams, Timothy S. O'Toole, Joel F. Gemunder, Patrick P. Grace, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, and Thomas C. Hutton (the "Individual Defendants"), as well as Nominal Defendant Chemed Corporation ("Chemed" or the "Company") (collectively "Defendants"), respectfully submit this memorandum of law in support of their Motion for a Partial Stay of these Proceedings Pending Resolution of Plaintiff's MDL Motion and Related Venue Issues.

**INTRODUCTION**

This case is the *second* derivative case to be filed against the Individual Defendants and nominal defendant Chemed. The first case, premised upon the same factual allegations, was filed earlier, in the United States District Court for the District of Delaware. *See* Cameron Decl., Ex. 20, Verified S'holder Deriv. Compl., *KBC Asset Management NV, derivatively on behalf of Chemed Corp. v. McNamara, et al.*, No. 1:13-cv-1854, D.I. 1 (D. Del. Nov. 6, 2013) ("KBC Compl."). That case was filed in accordance with Chemed Bylaw 8.07, which requires that all derivative cases brought in Chemed's name be filed in federal or state court in Delaware. *See* Cameron Decl. ¶ 2 & Ex. 1, By-Laws of Chemed Corporation, Art. VIII § 8.07 (Aug. 2, 2013) ("Chemed Bylaw 8.07"). Unlike the *KBC* case in Delaware, this case does not comply with Chemed Bylaw 8.07, despite the fact that Plaintiff North, as a Chemed shareholder seeking to sue in the Company's name, is bound by it.

Since this case was filed, the parties have been contesting the issue of whether or not this case can properly proceed in this Court. First, Defendants invited Plaintiff voluntarily to withdraw her suit based upon Chemed Bylaw 8.07; Plaintiff declined. *See* Cameron Decl. ¶ 3. Defendants then advised Plaintiff that to enforce Chemed's Bylaw and to facilitate consolidation

3

of this case with the earlier-filed *KBC* case, they intended to file a motion for transfer of this case to Delaware pursuant to 28 U.S.C. § 1404(a). *See id.* ¶¶ 4-6. But before that could be done, Plaintiff filed what she obviously intended to be a pre-emptive strike – her now-pending MDL Motion, seeking to have both her case and the *KBC* case in Delaware "centralized" under the MDL procedures, and transferred to this Court (despite Chemed's Bylaw, which Plaintiff's initial MDL brief did not even mention). *See id.* ¶ 8.

Plaintiff's MDL Motion remains pending, although both Defendants and the KBC Plaintiff in Delaware have opposed it, and Defendants expect it to be denied in due course.[1] Anticipating that outcome, Defendants intend to file, contemporaneously with this motion, a motion to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). Defendants' motion to transfer this case – which Plaintiff filed second and in the wrong court – to Delaware is necessary to enforce Chemed's Bylaw 8.07 and to promote the efficient, non-duplicative resolution of these two cases, which are premised on the same factual allegations and thus should be dealt with together. Consequently, once Plaintiff's MDL Motion is denied, Defendants respectfully submit that this Court should, pursuant to Defendants' § 1404 motion, transfer this case immediately to Delaware, so the two pending derivative cases against Defendants can be resolved in the same court.

By Order dated January 29, 2014, the Court adjourned Defendants' deadline to move, answer or otherwise plead in response to Plaintiff North's complaint to February 20,

---

[1] As Defendants explained in their opposition to Plaintiff's MDL Motion, the motion should be denied because (a) the criteria for MDL centralization under 28 U.S.C. § 1407 are not present; (b) Chemed Bylaw 8.07 provides that all derivative suits – including Plaintiff North's – must be heard in Delaware, thus preventing transfer of the Delaware action to Ohio; and (c) no compelling facts, including the convenience of the parties or counsel, support hearing these cases in Ohio instead of Delaware. *See* Cameron Decl., Ex. 7.

2014.[2]  *See* Cameron Decl., Ex. 19.  However this still means that Defendants will be required to file their motions to dismiss *before* the question of whether or not this case is to proceed in this Court has been resolved.[3]  Particularly given that this suit was filed second and in violation of Chemed Bylaw 8.07, Defendants respectfully submit that requiring them to brief their motions to dismiss before such venue issues are resolved is inefficient and wasteful of Company resources (which Plaintiff is supposedly suing to preserve).[4]  For that reason, Defendants submit that the deadline for them to move, answer or otherwise plead in response to Plaintiff North's complaint should be adjourned until after the resolution of (a) Plaintiff's pending MDL Motion; and (b) Defendants' soon-to-be-filed motion for transfer of venue in this case to the United States

---

[2] Defendants respectfully submit that this motion should be fully briefed well in advance of the February 20 deadline, so that it can be addressed by the Court before Defendants are required to move, answer or otherwise plead in response to the present complaint.  Defendants proposed a briefing schedule to Plaintiff that would permit consideration of this motion by the Court within that timeframe, but Plaintiff did not agree.  *See* Cameron Decl., Exs. 16-17.  Defendants will continue such discussions with Plaintiff, but in the absence of an agreement will seek the assistance of the Court to set a briefing schedule so that this motion can be briefed and considered by the Court in advance of Defendants' deadline to move, answer or otherwise plead in response to the present complaint.

[3] Defendants asked Plaintiff to agree to an adjournment of Defendants' deadline to move, answer or otherwise plead in response to the present complaint until after it has been determined whether this case will proceed in this Court – *i.e.*, after resolution of Plaintiff's MDL Motion and Defendants' § 1404 transfer motion.  *See* Cameron Decl. ¶ 12.  Despite acknowledging that "it is efficient for the parties to refrain from motion practice in either Delaware or Ohio before North's MDL motion is resolved", Plaintiff indicated that she would only agree to such an adjournment if "defendants refrain from making any motions in Ohio, including the anticipated motions to adjourn and to transfer".  *See* Cameron Decl., Ex. 15.  Defendants cannot so agree.  Not only are Defendants obligated to file their § 1404 transfer motion to enforce Chemed's Bylaw 8.07, but it appears that Plaintiff is trying to create a situation where the only pending motion to deal with these two duplicative cases, filed in different courts, is her MDL Motion.  For that reason, and consistent with Defendants' opposition to that MDL motion, it is appropriate that Defendants make their position clear before this Court and the JPML Panel now, during the pendency of Plaintiff's MDL Motion.  The present motion for a stay is thus a consequence of Plaintiff's refusal to agree to an adjournment without preconditions.

[4] Plaintiff seemingly agrees.  *See* Cameron Decl., Ex. 15; *supra* note 3.

District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), and that other than briefing Defendants' transfer motion, these proceedings should be stayed. Plaintiff has refused to agree to that proposal; hence this motion.

## FACTUAL BACKGROUND

### A.  Chemed Corporation and Bylaw 8.07.

Chemed, a Delaware corporation, has adopted Bylaw 8.07. It prohibits derivative suits, including Plaintiff North's, from proceeding outside Delaware without Chemed's consent:

> Unless the corporation consents in writing to the selection of an alternative forum, a state or federal court located within the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the corporation, (ii) any action asserting a claim for breach of a fiduciary duty owed by any director, officer or other employee of the corporation to the corporation or the corporation's stockholders, (iii) any action asserting a claim arising pursuant to any provision of the Delaware General Corporation Law, the certificate of incorporation or the by-laws of the corporation or (iv) any action asserting a claim governed by the internal affairs doctrine, in each such case subject to such court having personal jurisdiction over the indispensable parties named as defendants therein.

*See* Cameron Decl. ¶ 2 & Ex. 1, Chemed Bylaw 8.07. The Delaware Chancery Court recently has held that forum-selection bylaws – such as Chemed Bylaw 8.07 – are valid and binding contractual terms between Delaware corporations and their shareholders (including Plaintiff North). *See Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 957 (Del. Ch. 2013).

### B.  First Derivative Suit Filed in Delaware by KBC.

On November 6, 2013, KBC Asset Management NV ("KBC") filed a derivative suit against certain Chemed officers and directors in the United States District Court for the District of Delaware. *See* Cameron Decl., Ex. 20, KBC Compl. The complaint names fourteen

6

individual defendants: Kevin J. McNamara, Joel F. Gemunder, Patrick P. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, Arthur V. Tucker, Jr., George J. Walsh III, Frank E. Wood, Timothy S. O'Toole, David P. Williams, and Ernest J. Mrozek. *Id.* Under the stipulated schedule entered by the Delaware District Court, Defendants presently have until February 12, 2014, to respond to the complaint. *See* Cameron Decl., Ex. 21, Stipulation Regarding Revised Briefing Schedule for a Potential Rule 12(b) and 23.1 Motion to Dismiss, *KBC*, No. 1:13-cv-1854, D.I. 6 (D. Del. Jan. 15, 2014); *id.*, Ex. 22, Docket Report, *KBC*, 1:13-cv-1854 (noting Court's entry of stipulation).

        **C.**        **Second Derivative Suit Filed in Ohio by Mildred A. North.**

On November 14, 2013, more than a week after KBC filed its lawsuit, Mildred A. North filed this derivative suit. *See* Verified Deriv. S'holder Compl., *North v. McNamara, et al.*, No. 1:13-cv-833, D.I. 1 (S.D. Ohio Nov. 14, 2013) ("North Compl."). The complaint names twelve individual defendants, all of whom are defendants in the KBC action: Kevin J. McNamara, Joel F. Gemunder, Patrick P. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, Timothy S. O'Toole, and David P. Williams. *Id.*

In early December, counsel for Defendants contacted Plaintiff North's counsel, raised Chemed Bylaw 8.07, and invited them to withdraw this suit. Cameron Decl. ¶ 3. Plaintiff North declined to do so. *Id.* Defendants' counsel told Plaintiff's counsel that they intended to file a motion pursuant to 28 U.S.C. § 1404(a) to transfer this case to Delaware, in accordance with Chemed Bylaw 8.07, on or before the deadline for their motion to dismiss. *Id.* ¶¶ 4-6. On that basis, Defendants negotiated a briefing schedule, that this Court entered, which gave Defendants until January 30, 2014, to respond to the complaint. *See* Cameron Decl. ¶¶ 7 & 11,

Ex. 9, Order Granting Joint Mot. to Establish Pre-Trial Litig. Procedures and Filing Deadlines, *North*, 1:13-cv-833, at 1 (S.D. Ohio Dec. 23, 2013).

        **D.**        **Plaintiff North Files a Motion for Centralization Before the JPML.**

On December 20, 2013, without giving prior notice to Defendants, Plaintiff filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking to centralize, in this Court, both this action and the Delaware *KBC* action pursuant to 28 U.S.C. § 1407. *See* Cameron Decl. ¶ 8, Ex. 6. Plaintiff's initial motion made no mention of Chemed Bylaw 8.07, which requires these cases to proceed in Delaware. *Id.* Defendants opposed that motion on January 10, 2014. *See id.* ¶ 9, Ex. 7. Plaintiff filed her reply on Friday, January 17, 2014. *See id.* ¶ 10, Ex. 8. That motion is now fully briefed, but remains pending.

        **E.**        **Defendants' Attempts to Obtain Plaintiff's Agreement (1) to Stay this Case Pending Determination of All Venue Issues; and (2) to a Briefing Schedule.**

In light of Plaintiff's decision to file her MDL Motion, Defendants have repeatedly sought Plaintiff's consent to adjourn the deadline for Defendants to respond to the present complaint until after the JPML Panel resolves Plaintiff's motion and this Court resolves Defendants' motion to transfer pursuant to § 1404(a). *See* Cameron Decl. ¶ 12, Exs. 10-17. Ultimately, Plaintiff was willing to agree to such an adjournment only if Defendants agreed not to file their § 1404 motion for transfer. *See id.*, Ex. 15; *see also supra* note 3. As Defendants advised Plaintiff, *see* Cameron Decl., Ex. 16, Defendants are not willing to delay filing that motion, particularly because Defendants advised the JPML Panel in their opposition to Plaintiff's MDL Motion that the appropriate way to handle the venue issue created by Plaintiff's suit is through a § 1404 transfer motion, rather than the MDL process, *id.*, Ex. 7 at 1-2 & 8-9, and, in Plaintiff's MDL reply brief before the JPML Panel, she highlighted the fact that Defendants have not yet filed that motion, *id.*, Ex. 8 at 16.

8

Defendants also sought Plaintiff's agreement to an expedited briefing schedule for this motion, that would have resulted in this motion being fully briefed before the February 20 deadline for Defendants to move, answer or otherwise plead in response to the present complaint agreed to by the parties in their January 24 Joint Scheduling Motion. *See id.*, Ex. 14. Plaintiff did not agree to that schedule, and has not proposed an alternative. *See id.*, Ex. 15.

## ARGUMENT

**I.  THE COURT SHOULD ADJOURN DEFENDANTS' DEADLINE TO RESPOND TO THE COMPLAINT, AND OTHERWISE STAY THIS CASE, PENDING RESOLUTION OF THE MDL MOTION AND DEFENDANTS' TRANSFER MOTION.**

Defendants respectfully ask the Court to adjourn the deadline for Defendants to move, answer or otherwise plead in response to Plaintiff's complaint, and, other than permitting briefing of Defendants' soon-to-be-filed motion to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), to stay these proceedings, until after it has been determined whether this case will proceed in this Court – *i.e.*, until after resolution of Plaintiff's MDL Motion and Defendants' § 1404 transfer motion.

A stay is appropriate for four reasons. *First*, Plaintiff's MDL Motion warrants staying these proceedings until that motion is decided. *Second*, if the JPML Panel denies Plaintiff's motion, this court should have an opportunity to consider and decide Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a), and thereby to determine the proper forum for this case, before motion to dismiss briefing commences. *Third*, a stay will avoid unnecessary duplication of efforts and waste of Chemed's resources (which Plaintiff North is purportedly suing derivatively to preserve), without prejudicing Plaintiff. *Fourth*, a stay will also preserve judicial resources, and will avoid the Court having to consider motion to dismiss briefing until all venue issues have been resolved.

9

The Court has the authority to stay this action pursuant to its inherent power to control its docket. "[T]he power to stay proceedings is incidental to the power inherent in every federal court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *City of Youngstown v. Corr. Corp. of Am.*, No. 4:12-cv-2723 (BYP), 2013 WL 1303832, at *2 (N.D. Ohio Mar. 28, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether a stay is appropriate, courts generally consider factors such as "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy". *Dowler v. Medicine Shoppe*, No. 2:07-cv-848, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007) (granting stay pending decision from the JPML). These factors all merit staying this case until the proper forum for this action is decided.

*First*, in this case – and as Plaintiff herself concedes[5] – a stay is warranted until after the JPML Panel has decided Plaintiff's MDL Motion. That is Plaintiff's own motion, which she chose to file – consequently, she cannot now complain about (or be prejudiced by) the necessity to put off motion to dismiss briefing until after it is decided. For that reason, stays of the kind sought here are regularly granted as against a moving party when MDL motions are filed. *See, e.g.*, *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624 (JSG), 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008) (staying proceedings pending resolution of MDL transfer motion); *Dowler*, 2007 WL 2907519, at *2 (same); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL because of the judicial resources that are conserved.").

---

[5] *See* Cameron Decl., Ex. 15 ("In our view, it is efficient for the parties to refrain from motion practice in either Delaware or Ohio before North's MDL motion is resolved.").

*Second*, in the event that Plaintiff's MDL Motion is denied by the JPML Panel, as Defendants anticipate, this case should continue to be stayed until such time as this Court has decided Defendants' motion to transfer this case to Delaware pursuant to 28 U.S.C. § 1404(a), which Defendants have told Plaintiff they intend to file on or before January 29, 2014. As noted above, the related nature of this action to the *KBC* suit pending in Delaware, the fact that this suit was filed second, and the operation of Chemed Bylaw 8.07 (which binds Plaintiff North and requires all derivative suits brought in Chemed's name to proceed in Delaware), all mandate strongly in favor of this case being transferred to Delaware. Consequently, that motion should also be decided before motion to dismiss briefing occurs in this Court. As in the MDL context, it is well accepted that courts may stay proceedings while considering motions to transfer venue. *See, e.g.*, *Cunningham v. United Air Lines, Inc.*, No. 4:13-CV-322–JAR, 2013 WL 3984513, at *1 (E.D. Mo. Aug. 1, 2013) (acknowledging that proceedings were stayed pending resolution of a 28 U.S.C. § 1404(a) transfer motion).

*Third*, a stay is necessary to protect Defendants from the significant burden and cost of briefing a motion to dismiss when this case may (and in Defendants' view, should) be transferred to Delaware. Plaintiff's complaint, which contains 283 paragraphs, is little more than a repetition of allegations from various other actions. While Defendants believe that Plaintiff's complaint is deficient – not least because of Plaintiff's failure to make demand before filing suit – preparing a motion to dismiss that complaint is nonetheless a time-consuming and costly exercise. Adjournment of Defendants' deadline to respond to the complaint until after all venue issues are decided protects Defendants – including Chemed, in whose name Plaintiff purports to sue – from the prejudice and cost that would result if they are forced to proceed with motion to dismiss briefing now. A stay, necessitated by Plaintiff's own MDL Motion, while the Court

11

determines the proper forum for this case will cause Plaintiff no prejudice. Moreover, to the extent that Plaintiff North believes that she is prejudiced somehow by this motion, that prejudice can be removed altogether by Plaintiff choosing to do what Defendants encouraged at the outset of this case – namely, by Plaintiff voluntarily withdrawing her suit and refiling in Delaware, where Chemed's Bylaw 8.07 requires such suits to proceed. *See* Cameron Decl. ¶ 3.[6]

*Fourth*, a stay will preserve and protect the resources of this Court while it and the JPML Panel determine the proper forum for this case. Neither the Court nor Chemed, whose interests Plaintiff purports to protect, should waste resources proceeding with this litigation while two motions for transfer are under consideration and the nearly identical *KBC* action is proceeding in Delaware in compliance with Chemed Bylaw 8.07.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should adjourn the deadline for Defendants to move, answer or otherwise plead in response to Plaintiff's complaint, and other than permitting briefing of Defendants' soon-to-be-filed motion to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C.

---

[6] Currently, Defendants must respond to the *KBC* complaint by February 12, 2014. *See* Cameron Decl., Exs. 21 & 22. Any suggestion by Plaintiff North that she is somehow prejudiced by Defendants moving to stay this case, but not the Delaware case, is misplaced. Since the inception of Plaintiff North's action, Defendants have maintained that this case should be heard in Delaware, consistent with Chemed Bylaw 8.07. *See* Cameron Decl. ¶¶ 3-5. Unlike the *KBC* case in Delaware, Plaintiff North's case was filed second and in contravention of Chemed's own bylaws. The KBC Plaintiff in Delaware did not file the MDL Motion; Plaintiff North did. Moreover, Defendants fully expect the JPML Panel – which does not usually grant motions seeking MDL treatment for two related cases filed in separate courts, *see In re Scotch Whiskey*, 299 F. Supp. 543, 544 (J.P.M.L. 1969); *In re: Cardinal Health, Inc., Contract Litig.*, 588 F. Supp. 2d 1371, 1371 (J.P.M.L. 2008); *In re Air Crash near Canandaigua, N.Y. on Sept. 16, 2002*, 427 F. Supp. 2d 1365, 1366 (J.P.M.L. 2006) – to deny Plaintiff's MDL Motion. Consequently, whatever prejudice or risk Plaintiff may complain of in this case, it is entirely of her own making. She chose to file second and in a court not permitted by Chemed's own bylaws. Thus, because this situation is a consequence of *Plaintiff's* decision to file in this Court, Plaintiff cannot now complain of prejudice.

§ 1404(a), should stay these proceedings, until after it has been determined whether this case will proceed in this Court – *i.e.*, until after resolution of Plaintiff's MDL Motion and Defendants' transfer motion.

Respectfully submitted,

Dated: January 29, 2014

**DINSMORE & SHOHL LLP**

/s/ Brian S. Sullivan
Brian S. Sullivan (OH Bar No. 0040219)
brian.sullivan@dinsmore.com
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

*Counsel for Defendants and Nominal Defendant Chemed Corporation*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
mpaskin@cravath.com
Timothy G. Cameron
tcameron@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Defendants and Nominal Defendant Chemed Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon All Counsel of Record by the Court's CM/ECF Electronic Filing System this 29th day of January, 2014.

                                                               <u>s/ Brian S. Sullivan</u>

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MILDRED A. NORTH, derivatively on behalf of CHEMED CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN J. MCNAMARA, DAVID WILLIAMS, TIMOTHY O'TOOLE, JOEL F. GEMUNDER, PATRICK B. GRACE, WALTER L. KREBS, ANDREA R. LINDELL, THOMAS P. RICE, DONALD E. SAUNDERS, GEORGE J. WALSH III, FRANK E. WOOD, and THOMAS C. HUTTON,<br><br>Defendants,<br><br>-and-<br><br>CHEMED CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No. 1:13-cv-833<br>Judge Michael R. Barrett<br><br><br>**[PROPOSED] ORDER GRANTING MOTION FOR A PARTIAL STAY OF THESE PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S MDL MOTION & RELATED VENUE ISSUES** |

THIS MATTER, having been brought before the Court by counsel for Nominal Defendant Chemed Corporation, and Defendants Kevin J. McNamara, David Williams, Timothy O'Toole, Joel F. Gemunder, Patrick B. Grace, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, and Thomas C. Hutton, for an Order adjourning the deadline for Defendants to move, answer or otherwise plead in response to Plaintiff's complaint, and, other than permitting briefing of Defendants' soon-to-be-filed motion to transfer this action to the United States District

Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), staying these proceedings, until after it has been determined whether this case will proceed in this Court – *i.e.*, until after resolution of (a) Plaintiff's Motion for Transfer of Actions for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, *In re: Chemed S'holder Deriv. Litig.*, MDL No. 2520 (J.P.M.L.), and (b) Defendant's forthcoming transfer motion, and the Court having considered the parties' arguments, and for good cause shown;

IT IS ON THIS _____ day of _____, 2014,

ORDERED that the within motion is granted; and it is further

ORDERED that, other than briefing of Defendants' motion for transfer of venue in this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), this action, including Defendants' obligation to move, answer or otherwise plead in response to the present complaint, is hereby stayed pending further order of the Court, following the resolution of (a) Plaintiff's Motion for Transfer of Actions for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, *In re: Chemed S'holder Deriv. Litig.*, MDL No. 2520 (J.P.M.L. Dec. 20, 2013), and (b) Defendant's motion for transfer of venue in this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

                                                          Hon. Michael R. Barrett
                                                    UNITED STATES DISTRICT JUDGE