# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MILDRED A. NORTH, derivatively on behalf of CHEMED CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN J. MCNAMARA, DAVID WILLIAMS, TIMOTHY O'TOOLE, JOEL F. GEMUNDER, PATRICK B. GRACE, WALTER L. KREBS, ANDREA R. LINDELL, THOMAS P. RICE, DONALD E. SAUNDERS, GEORGE J. WALSH III, FRANK E. WOOD, and THOMAS C. HUTTON,<br><br>Defendants,<br><br>-and-<br><br>CHEMED CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No. 1:13-cv-833<br>Judge Michael R. Barrett<br><br>(ECF Filed)<br><br><br>**DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

The above-named individual defendants and nominal defendant Chemed Corporation (collectively "Defendants") move this Court to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). A Memorandum in Support of this Motion is attached hereto, as well as a proposed order attached as Exhibit A.

Respectfully submitted,

Dated:  January 29, 2014          **DINSMORE & SHOHL LLP**

                 /s/ Brian S. Sullivan
Brian S. Sullivan (OH Bar No. 0040219)
brian.sullivan@dinsmore.com
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

*Counsel for Defendants and Nominal Defendants Chemed Corporation*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
mpaskin@cravath.com
Timothy G. Cameron
tcameron@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Defendants and Nominal Defendants Chemed Corporation*

2

**MEMORANDUM IN SUPPORT**

Defendants Kevin J. McNamara, Joel F. Gemunder, Patrick P. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, Timothy S. O'Toole and David P. Williams (the "Individual Defendants"), as well as Nominal Defendant Chemed Corporation ("Chemed" or the "Company") (collectively, "Defendants"), respectfully submit this memorandum of law in support of their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

**INTRODUCTION**

This case – the *second* derivative case to be filed against Chemed and the Individual Defendants – should be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), to comply with Chemed's forum selection bylaw (which binds the Plaintiff in this case, both as a shareholder and a purported derivative plaintiff), to enhance judicial economy and for the convenience of the parties.

*First*, Chemed Bylaw 8.07 prohibits shareholder derivative actions brought in its name (such as this case) from proceeding in courts outside of Delaware. Under Delaware law, forum-selection bylaws – such as Chemed Bylaw 8.07 – are valid and binding contractual terms between Delaware corporations and their shareholders (including Plaintiff North in this case). And, as the Supreme Court of the United States has recently clarified, contractual forum-selection clauses are presumptively enforceable through a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Chemed's Bylaw 8.07 thus requires transfer of this case to Delaware.

*Second*, not only is transfer required by Chemed's binding forum-selection bylaw, but there is also an earlier-filed derivative suit, premised upon the same allegations as this case, that is already pending in the United States District Court for the District of Delaware, captioned *KBC Asset Management NV v. McNamara, et al.*, No. 1:13-cv-1854-LPS (D. Del.). Plaintiff

3

North agrees that the two cases present the same central factual issues – indeed, that was the premise for her motion seeking MDL "centralization" of these two cases.  Given the duplicative nature of these two suits, transferring this action to the District of Delaware, where it can likely be consolidated with the *KBC* Action, will promote judicial economy, avoid duplicative and parallel proceedings in two separate courts, and is indisputably in the interest of the parties.

*Third*, Ohio is not a more convenient forum for this action because this case has no particular connection to Ohio.  The complaint makes allegations based on actions that allegedly took place across the country, and the majority of Defendants do not reside in Ohio.  Neither Plaintiff, nor Plaintiff's counsel, have any connection to Ohio.  Moreover, Plaintiff has no basis to resist venue in Delaware, where Chemed is incorporated.

For all of the foregoing reasons, Defendants respectfully submit that the Court should enforce Chemed's Bylaw 8.07 and transfer this action to the District of Delaware.

## FACTUAL BACKGROUND

### A. Chemed Corporation and Bylaw 8.07.

Chemed's bylaws prohibit derivative suits brought in its name, including Plaintiff's, from proceeding outside Delaware without Chemed's consent.  Chemed is incorporated under the laws of Delaware.  *See* Verified Deriv. S'holder Compl., *North v. McNamara, et al.*, No. 1:13-cv-833, D.I. 1 (S.D. Ohio) ("North Compl."), ¶ 9.  Its Certificate of Incorporation authorizes the Board of Directors unilaterally to adopt bylaws, subject to shareholder amendment or repeal.  *See* Cameron Decl., Ex. 3, Certificate of Incorporation of Chemed Corp., Art. VII § 2 (Mar. 26, 1970).  On August 2, 2013, the Board exercised this authority and added Bylaw 8.07.  That provision is entitled "Forum Selection" and reads in full:

> Unless the corporation consents in writing to the selection of an alternative forum, a state or federal court located within the State of Delaware shall be the sole and exclusive forum for (i) any

4

> derivative action or proceeding brought on behalf of the corporation, (ii) any action asserting a claim for breach of a fiduciary duty owed by any director, officer or other employee of the corporation to the corporation or the corporation's stockholders, (iii) any action asserting a claim arising pursuant to any provision of the Delaware General Corporation Law, the certificate of incorporation or the by-laws of the corporation or (iv) any action asserting a claim governed by the internal affairs doctrine, in each such case subject to such court having personal jurisdiction over the indispensable parties named as defendants therein.

*See* Cameron Decl. ¶ 2, Ex. 1, By-Laws of Chemed Corporation, Art. VIII § 8.07 (Aug. 2, 2013) ("Chemed Bylaw 8.07"). Chemed publicly disclosed Bylaw 8.07 in its August 5, 2013, Form 8-K. *See* Cameron Decl. ¶ 3, Ex. 2, Chemed's Form 8-K, dated August 5, 2013, at 2.

### B. First Derivative Suit Filed in Delaware by KBC.

On November 6, 2013, Plaintiff KBC Asset Management NV filed a derivative suit against certain Chemed officers and directors in the United States District Court for the District of Delaware. *See* Cameron Decl., Ex. 16, Verified S'holder Deriv. Compl., *KBC Asset Management NV, derivatively on behalf of Chemed Corp. v. McNamara, et al.*, No. 1:13-cv-1854, D.I. 1 (D. Del. Nov. 6, 2013) ("KBC Compl."). The complaint names fourteen individual defendants: Kevin J. McNamara, Joel F. Gemunder, Patrick P. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, Arthur V. Tucker, Jr., George J. Walsh III, Frank E. Wood, Timothy S. O'Toole, David P. Williams, and Ernest J. Mrozek. *Id.* Under the stipulated schedule entered by the Delaware district court, Defendants presently have until February 12, 2014, to respond to the complaint. *See* Cameron Decl., Ex. 17, Stipulation Regarding Revised Briefing Schedule for a Potential Rule 12(b) and 23.1 Mot. to Dismiss, *KBC*, No. 1:13-cv-1854, D.I. 6, at 2 (D. Del. Jan. 15, 2014); *id.*, Ex. 18, Docket Report, *KBC*, 1:13-cv-1854, at 8 (noting Court's entry of stipulated schedule).

### C. Second Derivative Suit Filed in Ohio by Mildred A. North.

More than a week after KBC filed its lawsuit, on November 14, 2013, Mildred A. North filed this derivative suit against certain Chemed officers and directors. *See* North Compl. The complaint names twelve individual defendants, all of whom are defendants in the KBC action: Kevin J. McNamara, Joel F. Gemunder, Patrick P. Grace, Thomas C. Hutton, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, Timothy S. O'Toole and David P. Williams. *Id.*

In early December, counsel for Defendants contacted Plaintiff North's counsel to inform them of Chemed Bylaw 8.07 and invite them to withdraw their suit. Cameron Decl. ¶ 5. Plaintiff North declined to do so. *Id.* Defendants' counsel then informed Plaintiff North's counsel that the Defendants in the Ohio case intended to file a motion to transfer the Ohio case to Delaware, as required by Chemed's Bylaw 8.07, pursuant to 28 U.S.C. § 1404(a). *Id.* ¶¶ 5-8. On that basis, the Parties negotiated and agreed to an extension of Defendants' deadline to move, answer or otherwise plead in response to Plaintiff's complaint. *Id.* ¶¶ 8-9.

### D. Plaintiff North's Motion for Centralization Before the JPML Panel.

Before Defendants could file their § 1404(a) motion, Plaintiff, without prior notice to Defendants, filed before the Judicial Panel on Multidistrict Litigation ("JPML") a motion to centralize this action and the *KBC* action in the Southern District of Ohio pursuant to 28 U.S.C. § 1407. *See id.*, Ex. 8, Mem. in Supp. of Pl. Mildred A. North's Mot. for Transfer of Actions for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, *In re Chemed Corp. S'holder Deriv. Litig.* ("*Chemed MDL*"), MDL No. 2520, D.I. 1 (J.P.M.L. Dec. 20, 2013) ("North MDL Motion"). Defendants opposed that motion on January 10, 2014. *See id.*, Ex. 9, Defs.' Mem. of Law in Opp'n to Pl. Mildred North's Mot. for Transfer of Actions for Consolidated Pretrial Proceedings, *Chemed MDL*, D.I. 10 (J.P.M.L. Jan. 10, 2014) ("MDL

6

Opp'n"). Plaintiff filed her reply on Friday, January 17, 2014. *See id.*, Ex. 10, Pl. Mildred A. North's Reply Mem. in Further Support of Mot. for Transfer of Actions for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, *Chemed MDL*, D.I. 12 (J.P.M.L. Jan. 17, 2014) ("North MDL Reply"). Plaintiff North's MDL Motion remains pending before the JPML Panel.[1]

### E. Defendants' Motion For a Partial Stay of These Proceedings Pending Resolution of Plaintiff's MDL Motion & Related Venue Issues.

Defendants' current deadline to move, answer or otherwise plead in response to Plaintiff North's complaint is February 20, 2014. *See* Cameron Decl., Ex. 13. In light of these venue issues, Defendants have moved this Court for a partial stay of this action and requested a further adjournment of that deadline until after resolution of (a) Plaintiff North's MDL Motion; and (b) this motion to transfer. *See* Cameron Decl., Ex. 14.

## ARGUMENT

### I. THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1404(a) TO COMPLY WITH CHEMED'S BYLAWS, TO PROMOTE JUDICIAL ECONOMY AND FOR THE CONVENIENCE OF THE PARTIES.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases". *Atl. Marine Constr. Co. v.*

---

[1] Defendants expect Plaintiff's MDL Motion to be denied. As Defendants explained in their opposition, Plaintiff's motion should be denied because (a) the criteria for MDL centralization under 28 U.S.C. § 1407 are not present; (b) Chemed Bylaw 8.07 provides that all derivative suits – including Plaintiff North's – must be heard in Delaware, thus preventing transfer of the Delaware action to Ohio; and (c) no compelling facts, including the convenience of the parties or counsel, support hearing these cases in Ohio instead of Delaware. *See* Cameron Decl., Ex. 9, Defs.' MDL Opp'n.

7

*U.S. Dist. Court*, 134 S. Ct. 568, 575 (2013) (citation and internal quotation marks omitted; alternations in original). In this case, the valid forum-selection clause in Chemed's Bylaw 8.07 requires that this matter be transferred to Delaware. Transferring the action to Delaware furthers the interests of justice and the convenience of the parties because Defendants are already defending against the earlier-filed *KBC* action in Delaware, a related suit premised upon the same factual allegations and raising the same legal issues as this case. Additionally, although private convenience concerns are strictly not relevant in light of Chemed's clear forum selection bylaw, *id.* at 582, Delaware is a convenient forum for all parties – including Plaintiff North – to litigate this dispute.

>     **A.    Chemed Bylaw 8.07 is a Binding Contractual Forum-Selection Clause That Requires Plaintiff To Proceed with Her Suit in Delaware.**

Chemed Bylaw 8.07 requires all shareholders, like Plaintiff, who seek to sue derivatively in Chemed's name, to do so in state or federal court in Delaware. *See* Cameron Decl. ¶ 2. That forum-selection bylaw – which functions as a contractual forum-selection clause between a company and its shareholders – alone mandates transfer of this action to Delaware. *See Atl. Marine,* 134 S. Ct. at 575.

Under Delaware law,[2] forum-selection clauses such as Chemed Bylaw 8.07 are valid and enforceable. *Boilermakers Local 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 954,

---

[2] "[F]ederal law governs the inquiry when a federal court, sitting in diversity, evaluates a forum selection clause in the context of a 28 U.S.C. § 1404(a) motion to transfer venue . . . ." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988)). But pursuant to the "internal affairs doctrine", federal law looks to the law of the state of incorporation – here, Delaware law – to resolve questions of validity and enforceability of corporate bylaws. Under the "internal affairs doctrine", only the state of incorporation "should have the authority to regulate a corporation's internal affairs – matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders – because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982); *see also First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) ("As a general matter, the

8

958 (Del. Ch. 2013) (holding that "forum selection bylaws are statutorily valid under Delaware law", as well as contractually binding and enforceable). Corporate bylaws, such as Chemed Bylaw 8.07, are binding contractual terms to which all shareholders in a Delaware corporation knowingly agree when they acquire their shares. *Id.* at 955-56. Plaintiff is thus contractually bound to comply with Bylaw 8.07, which she violated by filing suit in Ohio.[3]

Moreover, the United States Supreme Court recently held that when presented with a § 1404(a) transfer motion based on a forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 134 S. Ct. at 575. There are no such extraordinary circumstances here. Indeed, the *North* and *KBC* complaints are garden-variety derivative

---

law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation. Application of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation."); *Heine v. Streamline Foods Inc.*, 805 F. Supp. 2d 383, 389-93 (N.D. Ohio 2011) (applying Delaware law to breach of fiduciary duty claim asserted against directors of Delaware corporation, pursuant to the internal affairs doctrine). Bylaw 8.07, which by its terms applies to derivative lawsuits – *i.e.*, lawsuits brought in the Company's name against Chemed officers and directors – obviously concerns Chemed's internal affairs. Consequently, Delaware law governs the enforceability of Chemed Bylaw 8.07.

[3] Chemed Bylaw 8.07 applies to Plaintiff even if the bylaw was adopted after she purchased Chemed stock. The Delaware Chancery Court's decision in *Boilermakers* specifically held that, with respect to corporations like Chemed that are entitled to amend their bylaws unilaterally, a newly enacted corporate bylaw – and, specifically, a forum selection bylaw like Chemed Bylaw 8.07 – binds pre-existing shareholders. 73 A.3d at 939-40 ("[The Delaware] Supreme Court has long noted that bylaws . . . form part of a flexible contract between corporations and stockholders, in the sense that the certificate of incorporation may authorize the board to amend the bylaws' terms and that *stockholders who invest in such corporations assent to be bound by board-adopted bylaws when they buy stock in those corporations*." (emphasis added) (citing *Centaur Partners, IV v. Nat'l Intergroup, Inc.*, 582 A.2d 923, 928 (Del. 1990))). The only decision Defendants are aware of that has held forum-selection bylaws to be unenforceable, *Galaviz v. Berg*, 763 F. Supp. 2d 1170 (N.D. Cal. 2011), "rests on a failure to appreciate the contractual framework established by the DGCL for Delaware corporations and their stockholders." *Boilermakers*, 73 A.3d at 956. *Galaviz* did not apply Delaware law (or Ohio law), *see* 763 F. Supp. 2d at 1175, and thus has no precedential value to this case, which involves a Delaware corporation subject to Delaware law.

9

lawsuits, the *KBC* action was filed first, Plaintiff concedes that they are based upon the same factual allegations,[4] and, as set forth in greater detail below, neither has a particular connection to Ohio.  Consequently, Defendants respectfully submit that this Court should transfer the *North* action to Delaware, where it can proceed in compliance with Chemed Bylaw 8.07.

> **B.     Transferring the *North* Action to Delaware Where the Earlier-Filed *KBC* Action Is Pending Furthers Judicial Economy.**

There is no dispute that Plaintiffs KBC and North seek substantially the same relief against the same defendants, on behalf of the same corporation, based on the same underlying allegations.  Plaintiff North admits this in her briefing before the JPML Panel.  *See, e.g.*, Cameron Decl., Ex. 8, North MDL Motion at 4 (noting that the *KBC* and *North* actions "arise out of substantially similar factual allegations and involve substantially the same claims against substantially the same defendants"); *id.*, Ex. 10, North MDL Reply at 8 (recognizing that "the main factual allegations (regarding the overarching scheme of illegal Medicare and Medicaid billing) and the threshold issue to be determined by the court (demand futility) are common among the actions").  Indeed, both cases are based on the same fundamental allegation that the "Individual Defendants caused the Company's VITAS Innovative Hospice Care business to submit improper and ineligible claims to Medicare and Medicaid."  *See* North Compl. ¶ 1; Cameron Decl., Ex. 16, KBC Compl. ¶ 1("[The Individual Defendants] consciously caus[ed] and permitt[ed] the Company to engage in nearly a decade of systematic illegal billing of the Company's hospice patients in disregard for Medicare guidelines and patients' medical needs.").  And both cases assert claims for breach of fiduciary duty based upon those allegations.  North Compl. ¶¶ 262-266; Cameron Decl., Ex. 16, KBC Compl. ¶¶ 169-171.

---

[4] *See* Cameron Decl., Ex. 8, North MDL Motion at 2 ("Transfer and centralization of these actions in one district is appropriate because they arise out of the same factual allegations and involve substantially the same claims against substantially the same defendants.").

10

As Plaintiff North argued in support of her MDL Motion, combining her action with the *KBC* Action will promote judicial economy because of the substantial similarity between the two cases. North MDL Reply at 2-8. Section 1404(a) provides that transfer of venue is appropriate when it is "in the interest of justice". 28 U.S.C. § 1404(a). Under the § 1404(a) analysis, conservation of judicial resources through the avoidance of duplicative litigation furthers the "interests of justice", and is a "weighty factor" in favor of transfer. *Ltd. Serv. Corp. v. M/V APL Peru*, No. 2:09-cv-1025 (JLG), 2010 WL 2105362, at *5 (S.D. Ohio May 25, 2010) (noting that the existence of a related action in the transferee court weighs heavily towards transfer); *see also Donia v. Sears Holding Corp.*, No. 1:07-cv-2627 (KMO), 2008 WL 2323533, at *4-5 & n.2 (N.D. Ohio May 30, 2008) ("[T]he pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue." (citation and internal quotation marks omitted)).

In considering a motion to transfer a case to a venue in which a related case is proceeding, "courts consider not whether the claims are completely duplicative but whether the claims present the same central issue." *Stewart v. Chesapeake Exploration, LLC*, No. 2:12-cv-270 (GLF), 2012 WL 3151255, at *4 (S.D. Ohio Aug. 2, 2012) (citation and internal quotation marks omitted). That is obviously the case here, as Plaintiff herself recognizes. *See, e.g.*, Cameron Decl., Ex. 8, North MDL Motion at 2.[5] "Where two claims present the same central

---

[5] Both the *North* and *KBC* complaints allege that Chemed's officers and directors promoted or acquiesced in the improper billing of Medicare and Medicaid by Chemed's VITAS subsidiary. *See, e.g.*, North Compl. ¶ 1; Cameron Decl., Ex. 16, KBC Compl. ¶ 1. Both rely on and copy extensively from complaints in other lawsuits brought against Chemed and VITAS based on the alleged improper billing. *See, e.g.*, North Compl. ¶¶ 74-109, 124, 126-127, 130-131, 215, 223-225; Cameron Decl., Ex. 16, KBC Compl. ¶¶ 82-115. Both allege the same type of misconduct relating to the allegations of improper billing. *Compare, e.g.*, North Compl. ¶¶ 81-96 (alleging pressure from management on VITAS employees to market hospice services to and admit ineligible patients), *and id.* ¶¶ 97-101 (alleging improper admission of specific patients), *and id.*

11

issue" – as here – "public interest concerns and private interest factors both support transfer because consolidation of the related actions would reduce the prospect of inconsistent adjudications and the cost of presenting the same evidence in multiple forums". *Stewart*, 2012 WL 3151255, at *4.

Given the parallel and duplicative nature of these cases – coupled with the fact that the *KBC* case not only was filed first, but also was filed in the correct court as specified by Chemed Bylaw 8.07 – Defendants respectfully submit that transfer of this case makes sense and will avoid duplication and waste of court resources. The *KBC* and *North* actions "present the same central issue", and hearing the two cases in the same forum would be efficient and conserve judicial resources. Defendants, thus, respectfully submit that the Court should transfer this suit to Delaware, where it can proceed with the *KBC* action.

### C. The Convenience of the Parties and Witnesses Weighs Strongly in Favor of the District of Delaware Venue.

Ordinarily "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Atl. Marine,* 134 S. Ct. at 582; *see also id.* ("When parties agree to a forum-selection clause, they

---

¶¶ 108-09 (alleging statistics indicating that VITAS patients receive a greater proportion of more expensive hospice services than patients in other hospice programs) *with* Cameron Decl., Ex. 16, KBC Compl. ¶¶ 101, 103, 126-129 (alleging pressure from management on VITAS employees to market hospice services to and admit ineligible patients), *and id.* ¶¶ 82, 85-86, 92, 96-97 (alleging improper admission of specific patients), *and id.* ¶¶ 77-79 (alleging statistics indicating that VITAS patients receive a greater proportion of more expensive hospice services than patients in other hospice programs). Both name the same individual defendants with the exception of two defendants named in the *KBC* complaint but not in the *North* complaint. North Compl. ¶¶ 10-12, 14-22; Cameron Decl., Ex. 16, KBC Compl. ¶¶ 15-28. And both assert claims for breach of fiduciary duty. North Compl. ¶¶ 262-266; Cameron Decl., Ex. 16, KBC Compl. ¶¶ 169-171. Plaintiff North's pleading of four additional claims is irrelevant; indeed, as explained above, all arise from the same central issue – the Individual Defendants' alleged knowledge of and alleged failure to prevent VITAS's improper billing of Medicare and Medicaid (an allegation strongly denied by the Individual Defendants).

12

waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."); *Boilermakers*, 73 A.3d at 955-56 (reiterating that "the bylaws of a Delaware corporation constitute part of a binding broader contract among the directors, officers, and stockholders formed within the statutory framework of the" Delaware General Corporation Law).

Even if Plaintiff North's private interests were relevant – which they are not – Plaintiff has no compelling interest in keeping this action in Ohio.  In contrast, it would be significantly more convenient for Chemed, the Individual Defendants and also the majority of potential witnesses in these cases for this action to be transferred to the District of Delaware.

*First*, this is not an "exceptional case" that warrants overriding the strong presumption in favor of enforcing valid forum-selection clauses (such as Bylaw 8.07), *see Atl. Marine*, 134 S. Ct. at 575, because Delaware is a convenient forum in which to litigate this matter.  In contrast, proceeding in Ohio is not particularly convenient to Plaintiff North because she lives in Illinois and her lead counsel is based in California.  North Compl. ¶ 8; Cameron Decl., Ex. 8, North MDL Motion at 10.  Both will have to travel significant distance and change at least one time zone to attend hearings in *either* Ohio or Delaware.  Because Plaintiff North has no particular connection to Ohio, she can prosecute this case just as effectively in Delaware as in Ohio.  For example, if this matter proceeds to discovery, Plaintiff will receive the majority of Chemed corporate documents electronically, so it is irrelevant to the convenience analysis that some of those documents may have come from Ohio, where Chemed's headquarters are located. And because Plaintiff is a nominal party suing derivatively, on behalf of Chemed, her choice of forum is worthy of little deference.  See 1 Roger J. Magnuson, *Shareholder Litigation* § 9:10 (2013).  Chemed's choice of forum – Delaware – on the other hand, deserves the most weight.

13

*Second*, there will be real inconvenience, cost and hardship imposed on Chemed and the other Defendants if they are required simultaneously to defend against the same derivative allegations in two different venues. Not only would parallel cases create the potential for inconsistent rulings, but litigating in two courts will unnecessarily waste corporate resources, *see Stewart*, 2012 WL 3151255, at *4 – the exact opposite of what derivative suits are supposed to accomplish. Because Plaintiff seeks to sue on behalf of the Company, depleting its resources through duplicative legal proceedings is not in either party's interest.

*Third*, contrary to Plaintiff's allegations, *see* North Compl. ¶¶ 10-12, 14-22, a significant majority of the Individual Defendants live *outside* Ohio.[6] Of the twelve individual Defendants that Plaintiff sued, eight live outside Ohio. *See* Cameron Decl. ¶ 17. Timothy O'Toole and Joel Gemunder are residents of Florida. *Id.* George Walsh, Patrick Grace and Thomas Hutton are residents of New York. *Id.* Andrea Lindell is a resident of North Carolina. *Id.* Walter Krebs is a resident of Kentucky. *Id.* And Thomas Rice is a resident of Maryland. *Id.* In order to attend court proceedings, it would be much more convenient for the majority of those Defendants to travel to Delaware – by car, train or airplane – than to Ohio, which is considerably farther than Delaware.[7] The convenience of the Individual Defendants thus does not support venue in Ohio.

*Finally*, apart from the fact that Chemed's corporate headquarters is located in Ohio, the allegations in Plaintiff's complaint are almost entirely unrelated to activities in Ohio. VITAS, the Chemed subsidiary whose alleged actions form the basis of Plaintiff's complaint, is

---

[6] When considering a motion to transfer under § 1404, the Court is not bound by the allegations in a plaintiff's complaint, but can consider undisputed facts outside the pleadings. *Price v. PBG Hourly Pension Plan*, 921 F. Supp. 2d 764, 772 (E.D. Mich. 2013).

[7] Only four Defendant – Kevin McNamara, David Williams, Donald Saunders and Frank Wood – live in Ohio. *See* Cameron Decl. ¶ 17.

headquartered in Miami, Florida.  North Compl. ¶ 65.  VITAS operates facilities throughout the United States, including at two locations in Delaware.  Cameron Decl. ¶ 18, Ex. 15.  The allegations of improper billing relate to VITAS hospice facilities in a variety of states, including Florida (*see, e.g.*, North Compl. ¶¶ 83, 119), California (*see, e.g.*, *id.* ¶¶ 100, 101(b)-(c), 103, 107, 128, 131, 197-98), Missouri (*see, e.g.*, ¶¶ 101(a)), Illinois (*see, e.g.*, *id.* ¶ 127), and Texas (*see, e.g.*, *id.* ¶¶ 121-126, 181, 187).  Only one purported witness referred to in Plaintiff's complaint alleges improper billing at an Ohio facility.  (*See id.* ¶¶ 98-99).

For the preceding reasons, even if the Court were to consider the private interests of the parties at all, those interests, and the convenience of the parties and witnesses, strongly favor transfer of this action to Delaware.  *See* 28 U.S.C. §1404(a).

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should, pursuant to 28 U.S.C. § 1404(a), transfer the *North* action to the United States District Court for the District of Delaware.

Respectfully submitted,

Dated: January 29, 2014 **DINSMORE & SHOHL LLP**

/s/ Brian S. Sullivan
Brian S. Sullivan (OH Bar No. 0040219)
brian.sullivan@dinsmore.com
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

*Counsel for Defendants and Nominal Defendants Chemed Corporation*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
mpaskin@cravath.com
Timothy G. Cameron
tcameron@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Defendants and Nominal Defendants Chemed Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been duly served upon All Counsel of Record by the Court's CM/ECF Electronic Filing System this 29th day of January, 2014.

                                                                    <u>    s/ Brian S. Sullivan</u>

# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MILDRED A. NORTH, derivatively on behalf of CHEMED CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>KEVIN J. MCNAMARA, DAVID WILLIAMS, TIMOTHY O'TOOLE, JOEL F. GEMUNDER, PATRICK B. GRACE, WALTER L. KREBS, ANDREA R. LINDELL, THOMAS P. RICE, DONALD E. SAUNDERS, GEORGE J. WALSH III, FRANK E. WOOD, and THOMAS C. HUTTON,<br><br>            Defendants,<br><br>  -and-<br><br>CHEMED CORPORATION, a Delaware corporation,<br><br>            Nominal Defendant. | Civil Action No. 1:13-cv-833<br>Judge Michael R. Barrett<br><br>(ECF Filed)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

      THIS MATTER, having been brought before the Court by counsel for Nominal Defendant Chemed Corporation, and Defendants Kevin J. McNamara, David Williams, Timothy O'Toole, Joel F. Gemunder, Patrick B. Grace, Walter L. Krebs, Andrea R. Lindell, Thomas P. Rice, Donald E. Saunders, George J. Walsh III, Frank E. Wood, and Thomas C. Hutton, for an Order directing that this action be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a), and the Court having considered the parties' arguments, and for good cause shown;

2

IT IS ON THIS _____ day of _____, 2014,

ORDERED that the within motion is granted; and it is further,

ORDERED that this action shall be transferred to the United States District Court for the District of Delaware.

_____
Hon. Michael R. Barrett
UNITED STATES DISTRICT JUDGE

2